MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
CAROLYN B. CHEN, CSBN 256628
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8956
    Facsimile: (415) 744-0134
    E-Mail: Carolyn.Chen@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA FERNANDES,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:18-cv-00114-JDP<br><br>STIPULATION AND PROPOSED ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees in the amount of FIVE THOUSAND SEVEN HUNDRED DOLLARS ($5,700) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Kelsey Mackenzie Brown pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel, including Kelsey Mackenzie Brown, may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel and/or Kelsey Mackenzie Brown to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: July 23, 2019

By: */s/ Kelsey Mackenzie Brown*
KELSEY MACKENZIE BROWN
Attorney for Plaintiff
(As authorized by email on July 23, 2019)

Dated: July 23, 2019                     Respectfully submitted,

MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By: /s/ *Carolyn B. Chen*
CAROLYN B. CHEN
Special Assistant U.S. Attorney

Attorneys for Defendant

ORDER

Pursuant to stipulation, it is ordered that plaintiff shall be awarded attorney fees in the amount of five thousand seven hundred dollars ($5,700) as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced stipulation.

Plaintiff's motion for attorney fees, ECF No. 30, is dismissed as moot.

IT IS SO ORDERED.

Dated: July 31, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 205

3